UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: PETER GAKUBA

1:21-CV-8121 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Peter Gakuba, who appears to be serving a term of a parole in New York State arising from an Illinois conviction, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 ("Section 2254"), challenging his June 29, 2015 conviction in the Illinois 17th Circuit Court. For the reason discussed below, the Court transfers this action to the United States Court of Appeals for the Seventh Circuit.

Petitioner seeks to challenge the legality of his June 29, 2015 Illinois conviction. Publicly available records show that Petitioner previously filed a Section 2254 petition challenging the same conviction, which was denied on the merits. *See Gakuba v. Brannon*, No. 17-CV-50337, 2018 WL 10127255 (N.D. Ill. Oct. 24, 2018), *request for certificate of appealablity denied sub nom.*, *Gakuba v. Neese*, No. 18-3398, 2019 WL 12536617 (7th Cir. June 24, 2019), *cert. denied*, 140 S. Ct. 831 (2020). Because Petitioner's previously filed Section 2254 petition was denied on the merits, the present Section 2254 petition is a second or successive petition. *See, e.g.*, *Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002).

Before a second or successive Section 2254 petition is filed in a district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A). Petitioner must therefore move in the United States Court of Appeals for the Seventh Circuit for permission to pursue the present second or successive Section 2254 petition.[1]

---

[1] Any motion to the appropriate court of appeals must show that: (A) the claim being raised by the petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2244(b)(2)(A), or (B) "the factual predicate for the claim could not have been discovered previously through the

## CONCLUSION

In the interest of justice, the Court transfers this action to the United States Court of Appeals for the Seventh Circuit. *See* 28 U.S.C. § 1631; *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996). This order closes this action in this court.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Petitioner has consented to electronic service of court documents. (ECF 3.)

The Court denies Petitioner's "motion to electronic file per CM/ECF" and his "motion for fee-free PACER access" as moot, but without prejudice to Petitioner's filing such motions in the Seventh Circuit. (ECF 4 & 5.)

SO ORDERED.

Dated:   October 4, 2021
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

---

exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2244(b)(2)(B)(i), (ii).