UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: PETER GAKUBA,

1:21-CV-8121 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated October 4, 2021, and entered one day later, the Court transferred this *pro habeas corpus* action, as a second or successive petition brought under 28 U.S.C. § 2254, to the United States Court of Appeals for the Seventh Circuit ("transfer order"). (ECF 6.) The transfer order specified that it closed this action. (*Id.* at 2.)

On the same date that the transfer order was entered, October 5, 2021, Petitioner filed a notice of appeal in which Petitioner declared his intent to appeal the transfer order in the United States Court of Appeals for the Second Circuit. (ECF 8.) He also filed a motion to dismiss this action without prejudice and a "notice to the court," both of which acknowledged the Court's issuance of the transfer order. (ECF 7 & 9.)

On October 8, 2021, three days after the transfer order was entered, the Clerk of Court physically mailed to the Seventh Circuit the first six filings in this action, including: (1) Petitioner's request to proceed *in forma pauperis*; (2) the petition; (3) Petitioner's consent to electronic service of court documents; (4) Petitioner's motion "to electronic file per CM/CMF"; (5) Petitioner's motion "for fee-free PACER access"; and (6) the transfer order. (ECF 1-6.) The Seventh Circuit has not, however, acknowledged receipt of those filings.

Three days later, on October 11, 2021, Petitioner filed a motion "to strike/withdraw" his previously filed motion to dismiss and his "notice to the court," in which he states that: (1) he was not afforded time to seek relief under Rules 59(e), 60, or 62 of the Federal Rules of Civil Procedure; (2) he "sought to dismiss [this action] without prejudice . . . to allow him[self] time to

assess his legal remedies, and forego any transfer"; (3) he was not afforded the time to pursue those remedies because this court's clerks had informed him that "the transfer was en route having been processed"; (4) he has appealed the transfer order; and (5) he seeks mandamus relief. (ECF 10.)

For the reasons set forth below, the Court denies all of the relief Petitioner has sought after entry of the transfer order.

## DISCUSSION

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Under the Federal Rules of Appellate Procedure, however, if a party: (1) files a timely authorized motion, including a Rule 59(e) motion or a Rule 60 motion filed within 28 days, *see* Fed. R. App. P. 4(a)(4)(A)(i)-(vi) (listing the types of authorized motions); and (2) files a notice of appeal before the district court disposes of that motion, then the notice of appeal does not become "effective" until after the district court rules on that motion, *see* Fed. R. App. P. 4(a)(4)(B)(i).

Because Petitioner has filed a notice of appeal, and because Rule 4(a)(4) of the Federal Rules of Appellate Procedure does not authorize this Court's consideration of any of Petitioner's requests for relief, this Court lacks jurisdiction to consider those requests. *See* Fed. R. App. P. 4(a)(4)(A)(i)-(vi), (B)(i); *Griggs*, 459 U.S. at 58. Accordingly, the Court denies those requests for relief. *See* Fed. R. Civ. P. 62.1(a)(2) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion. . . .").

## CONCLUSION

The Court denies, under Rule 62.1(a)(2) of the Federal Rules of Civil Procedure, all of Petitioner's pending motions and requests for relief, and directs the Clerk of Court to terminate all pending motions and requests in this action. (ECF 7, 9, & 10.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Petitioner has consented to electronic service of court documents. (ECF 3.)

SO ORDERED.

Dated:   October 14, 2021
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge